(No. 5458.  Decided May 8, 1905.)

W. H. Wiser, *Respondent,* v. L. R. Thomas, *Appellant.*[1]

Exemptions—Claim by Debtor—List of Property—Sufficiency. Where goods levied upon are claimed as exempt by the debtor, under Bal. Code, § 5255, a second list by separate items of the property claimed as exempt is not necessary, where the sworn statement delivered to the officer contained a list of all the debtor's property and claimed all of it as exempt.

Same — Value of Property — Complaint — Pleading and Proof. Where property levied upon was claimed as exempt by the debtor, who admitted at the trial that part of it was not exempt because the judgment was for unpaid purchase money thereon, the fact that the debtor's sworn satement, and also his complaint, alleged the value of all the property to be $250, does not confine his proof of the total value to such sum, or limit his recovery to the difference between such sum and the value of the non-exempt property; but he is entitled to show that exempt property of the value of $250 was levied upon and taken.

Appeal from a judgment of the superior court for Kittitas county, Rudkin, J., entered January 27, 1904, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action for conversion.  Affirmed.

*Kauffman & Frost,* for appellant.

*John B. Davidson,* for respondent.

Crow, J.—This action was commenced by respondent against the appellant, L. R. Thomas, as sheriff of Kittitas county, to recover damages growing out of the failure of said appellant to deliver to respondent certain goods, levied upon by appellant, and demanded by respondent as exempt

[1] Reported in 80 Pac. 854.

from execution. In compliance with Bal. Code, § 5255, respondent delivered to appellant, as such sheriff, a sworn statement, alleging that he was a householder residing in Kittitas county, said statement containing an itemized list of all personal property owned or claimed by him. In the same document it was stated that respondent claimed all of the property therein described, as exempt from execution and sale, the value of said property being fixed by respondent at $250. The judgment creditor having made no demand for an appraisement, no appraisement was had, nor was any of the property levied upon returned to respondent. In his complaint respondent again alleged the value of all said property to be $250. On the trial, judgment was entered in his favor, for the said sum, and this appeal has been taken.

Appellant, in his answer, with other defenses, alleged that a portion of the goods levied upon were not exempt from execution, for the reason that the judgment under which such levy was made had been obtained for the purchase price thereof, and alleged the value of the goods not exempt to be $200. This portion of the answer was not denied.

On the trial respondent offered in evidence the sworn statement delivered to the sheriff by him. To said offer, appellant objected, for the reason that the said statement did not comply with the requirements of said § 5255, in that respondent had not also delivered to the sheriff a list by separate items of the property he claimed as exempt. It is the contention of appellant that two lists should have been presented: First, one containing an itemized statement of all personal property owned or claimed by respondent; and second, another list containing by separate items all of the property which he claimed as exempt. It appears, however, that respondent claimed as exempt all of the property owned and mentioned by him in his itemized list. We think this was a substantial compliance with the statute, and that no error was committed in admitting said sworn statement.

Upon the trial respondent admitted that the portion of the goods referred to in the answer were not exempt, by reason of the fact that the judgment under which the levy had been made had been obtained for unpaid purchase money thereon. While upon the witness stand, respondent was asked the value of all of said goods, including those exempt and not exempt; and, over the objection of appellant, was permitted to testify that they were all of the total value of $450. The ground of appellant's objection was that, as respondent had alleged the value of all goods, exempt and non-exempt, to be only $250, the correct method of measuring his damages would be to prove the value of the goods not exempt, deduct the same from said $250, and allow respondent judgment for the balance. Other exceptions were taken to the admission of evidence, but they all involved the same principle contended for by appellant.

We think no error was committed by the court in admitting respondent's evidence. On this point, while it is true respondent alleged the value of all of the goods to be $250, we do not think the proper method of ascertaining the value of the portion exempt is that stated by appellant. If, in fact, all of the goods were worth $450, as testified by respondent, and the portion found to be exempt was of the value of $250, respondent certainly should have been permitted to show such actual value of the goods exempt, not in excess of the amount alleged in his complaint. The trial court, upon the evidence, fixed the value of the goods ascertained to be exempt at $250, and judgment was entered accordingly.

There being no error in the record, the judgment is affirmed.

Mount, C. J., Dunbar, and Root, JJ., concur.

Fullerton, Hadley, and Rudkin, JJ., took no part.